UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JACKIE WILSON RILEY, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 3:18-cv-01147 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Jackie Wilson Riley is petitioning the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He claims he received ineffective assistance from his trial counsel. However, the record shows each of the attorney errors Mr. Riley alleges in support of his claim either did not occur or did not prejudice Mr. Riley. The Court will dismiss Mr. Riley's petition.

### I.  BACKGROUND

On September 8, 2016, federal agents searched a hotel room and a residence utilized by Mr. Riley. Plea Agreement, United States v. Riley, No. 3:17-cr-00012 (M.D. Tenn. Apr. 25, 2017), ECF No. 25 ¶ 8 ("Plea Agreement"). They found one kilogram of heroin and 500 grams of cocaine in the hotel room. Id. They found a 9mm pistol and $72,410 in cash at the residence. Id.

The government arrested Mr. Riley and charged him in a four-count information. Information, United States v. Riley, No. 3:17-cr-00012 (M.D. Tenn. Jan. 30, 2017), ECF No. 12. Count 1 was for conspiracy to distribute illicit drugs, and Count 4 was for possession of a weapon by a felon. Id. Mr. Riley pled guilty to those charges on April 25, 2017. Plea Agreement ¶ 3. In his plea agreement, he admitted the money and the pistol found at his residence belonged to him. Id. ¶ 8. He also admitted they constituted "evidence, contraband, or fruits of the crime[s] for which

he plead[ed] guilty." Id. ¶¶ 8, 23. The Court sentenced Mr. Riley to 54 months in prison. Judgment, United States v. Riley, No. 3:17-cr-00012 (M.D. Tenn. Feb. 22, 2018), ECF No. 51.

On October 24, 2018, Mr. Riley filed a pro se petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and raised an ineffective assistance of counsel claim in support. (Doc. No. 1). He later obtained an attorney who filed an amended petition. (Doc. No. 9). Subsequently, Mr. Riley switched attorneys, and his new attorney filed a supplemental motion to vacate, set aside, or correct Mr. Riley's sentence. (Doc. No. 20). The amended petition and the supplemental motion have been fully briefed. (Doc. Nos. 9, 12, 20, 21).

## II. LEGAL STANDARD

Under § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon the "ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. The Sixth Amendment to the Constitution guarantees all criminal defendants the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 685–86 (1984).

To succeed in an ineffective assistance of counsel claim, a petitioner must show that his attorney's performance was deficient and that the deficient performance caused prejudice. Id. at 693–94. An attorney's performance is constitutionally deficient where it falls "below an objective standard of reasonableness." Id. at 688. An attorney's deficient performance causes prejudice where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

## III. ANALYSIS

Mr. Riley argues he was denied his right to effective counsel because his attorney did not object to certain sentencing enhancements and failed to provide competent advice regarding the

2

merits of a guilty plea versus a trial. The Court disagrees. Most of the attorney errors Mr. Riley alleges occurred did not prejudice Mr. Riley. And the record demonstrates that the remaining alleged errors did not, in fact, occur.[1]

      A.      <u>Mr. Riley Was Not Prejudiced by His Counsel's Failure to Object to a U.S.S.G. § 2K2.1(b)(6)(B) Enhancement.</u>

Mr. Riley contends his attorney was ineffective for failing to object to a four-point sentencing enhancement he received under U.S.S.G. § 2K2.1(b)(6)(B). (Doc. No. 9 at 2; Doc. No. 20 at 2). That enhancement applies where a defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Mr. Riley acknowledges that the four-point enhancement "was only applicable to Count 4 (the gun count) and did not impact Count 1 (the drug count)." (Doc. No. 20 at 3). He also recognizes that the gun count and the drug count were grouped for sentencing purposes and "the offense level for the *drug offense* was used to determine [his] sentencing guideline range." (Doc. No. 9 at 3 (emphasis added)). As a result, Mr. Riley is forced to admit that "the four level enhancement had no impact on [his] guideline range." (Doc. No. 20 at 3). Mr. Riley contends that "[n]onetheless, this enhancement may have impacted the Court in its determination of the appropriate sentence under the recommended guidelines." (<u>Id.</u>). Mr. Riley does not cite any authority to support this argument. (<u>Id.</u>).

Mr. Riley's argument concerning the § 2K2.1(b)(6)(B) enhancement fails. There is no reasonable probability Mr. Riley would have received a more lenient sentence if his attorney

---

[1] A court considering a § 2255 petition must grant a hearing on it unless the record "conclusively show[s] that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court need not hold a hearing because, for the reasons outlined herein, it is clear Mr. Riley is not entitled to relief.

3

objected to that enhancement because doing so could not have changed Mr. Riley's recommended sentencing range. Hatten v. Rivard, No. 17-2520, 2018 WL 3089204, at *2 (6th Cir. May 9, 2018) (citation and quotation omitted) ("With respect to trial counsel's failure to object to the scoring of offense variables for sentencing, the state court of appeals concluded that Hatten could not show prejudice because any error did not alter [the] minimum guidelines range. . . . Reasonable jurists would not debate that conclusion."); Parrish v. Gidley, No. 1:14-CV-662, 2014 WL 3845149, at *9 (W.D. Mich. Aug. 5, 2014) (where an objection would not have "affected [petitioner's] minimum sentence range," the "failure to object was not prejudicial"). Hence, the failure of Mr. Riley's attorney to object to the § 2K2.1(b)(6)(B) enhancement did not prejudice Mr. Riley as required for him to succeed in his ineffective assistance of counsel claim. See id.

    B.    <u>Mr. Riley Was Not Prejudiced by His Counsel's Failure to Object to a U.S.S.G. § 2D1.1(b)(1) Enhancement.</u>

Mr. Riley also argues his attorney was ineffective for failing "to object to a two-level enhancement for possession of a dangerous weapon" under U.S.S.G. § 2D1.1(b)(1).[2] (Doc. No. 20 at 3). "Pursuant to Section 2D1.1(b)(1), a two-level enhancement may be added to the base offense level of a defendant convicted of a drug offense '[i]f a dangerous weapon (including a firearm) was possessed.'" United States v. Greeno, 679 F.3d 510, 514 (6th Cir. 2012) (citation omitted). Courts assessing whether a § 2D1.1(b)(1) enhancement is appropriate apply a burden-shifting framework. Id. First, the government must show by a preponderance of the evidence that the defendant "actually or constructively" possessed a weapon during conduct "relevant" to his drug offense. Id. Then, the burden "shifts to the defendant to show that it was 'clearly improbable'

---

[2] Unlike the § 2K2.1(b)(6)(B) enhancement, the § 2D1.1(b)(1) enhancement did impact Mr. Riley's recommended sentencing range by increasing the offense level for his drug offense. (Doc. No. 9 at 3).

4

that the weapon was connected to th[at] offense." Id. (citation and quotation omitted). With this framework in mind, the Court finds the failure of Mr. Riley's attorney to object to the § 2D1.1(b)(1) enhancement did not prejudice Mr. Riley.

To start, the government easily could have met its initial burden of showing Mr. Riley possessed a firearm during conduct relevant to his drug conspiracy.[3] "Relevant conduct under the sentencing guidelines includes all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the [drug] offense[.]" United States v. Faison, 339 F.3d 518, 520 (6th Cir. 2003) (citation and quotation omitted). In determining whether a defendant possessed a firearm during conduct relevant to a drug conspiracy, courts may consider (1) "the type of firearm involved," (2) "the accessibility of the weapon to the defendant," (3) "the proximity of the weapon to illicit drugs, proceeds, or paraphernalia," and (4) "whether the defendant was actually engaged in drug-trafficking, rather than mere manufacturing or possession," among other factors. See Greeno, 679 F.3d at 515 (citation and quotation omitted). The first three factors weigh against Mr. Riley because he admitted in his plea agreement that a 9mm pistol and $72,410 in illicit drug proceeds found at a residence he used "belonged to him."[4] Plea Agreement ¶¶ 8, 23. And the fourth factor weighs against Mr. Riley because he also admitted he was an actual "distributor of heroin and cocaine," id. ¶ 8, as opposed to a mere manufacturer or possessor of

---

[3] Mr. Riley clearly "possessed" the firearm, given that he owned it and it was found in a residence he utilized. See United States v. Holmes, 9 F.3d 110 (6th Cir. 1993). So, the Court will focus on the "relevant conduct" portion of the government's burden.

[4] A "9mm handgun" is "the type of weapon often used in drug trafficking." United States v. Jernigan, 59 F. App'x 647, 652 (6th Cir. 2003). Plus, weapons found in a defendant's residence are generally accessible to the defendant. See United States v. Edmonds, 9 F. App'x 330, 331–332 (6th Cir. 2001). Given that the pistol was found in the same house as drug proceeds supports a § 2D1.1(b)(1) enhancement. See United States v. Branham, 460 F. App'x 538, 544 (6th Cir. 2012) (upholding a § 2D1.1(b)(1) enhancement where "loaded handguns were found in Appellants' nightstand drawer, within the same house as thousands of dollars in cash determined by the jury to be drug proceeds").

5

illicit drugs. Using these admissions, the government could have demonstrated by a preponderance of the evidence that Mr. Riley possessed a firearm during conduct relevant to his drug conspiracy.

From there, there is no reasonable probability that Mr. Riley could have met his burden of showing it was "clearly improbable" the firearm was connected to his drug conspiracy. "A defendant must present evidence, not mere argument, in order to meet [that] burden." Greeno, 679 F.3d at 514. But Mr. Riley has not described any evidence he would have raised to sustain his burden.[5] And the available, undisputed facts before the Court indicate the firearm *was* connected to Mr. Riley's drug conspiracy. See Plea Agreement ¶¶ 8, 23; see also Faison, 339 F.3d at 519 ("Faison does not argue that the firearms and ammunition found in the home or the vehicle were clearly not related to drug trafficking. Indeed, in light of his own admission of drug trafficking and the fact that the firearms were located close to the drug proceeds or cash with which to purchase drugs, he could not make such an argument."). Mr. Riley's argument that he was denied effective assistance based on his attorney's failure to object to the § 2D1.1(b)(1) enhancement falls short because that failure did not prejudice Mr. Riley.[6]

    C.    <u>Mr. Riley Has Not Shown His Attorney's Alleged Failure to Provide Competent Advice About Trials and Plea Agreements Deprived Him of Effective Counsel.</u>

Lastly, Mr. Riley avers he received constitutionally defective counsel because "he was not advised of the merits of an agreed plea versus open plea versus trial when considering the guideline sentencing range and possible statutory enhancements." (Doc. No. 20 at 4). The Court disagrees.

---

[5] He merely claims he was "deprived [of] the opportunity to show a relevant conduct analysis would have resulted in [his] favor," without giving any reason to suggest *why* it would have resulted in his favor. (Doc. No. 20 at 4).

[6] Mr. Riley also complains that he was not "advised of the ability to file objections" to the enhancements in his case. (Doc. No. 20 at 4). But that is immaterial because, as the Court has already found, there is no reasonable probability that filing objections to the enhancements Mr. Riley has identified would have altered his sentence.

6

Case 3:18-cv-01147   Document 25   Filed 03/21/22   Page 6 of 8 PageID #: 89

First of all, the record contradicts Mr. Riley's claim that his attorney did not advise him of the merits of a plea versus a trial. Mr. Riley's plea agreement contained a list of trial rights Mr. Riley was giving up by entering a guilty plea. Plea Agreement ¶ 6. It also stated that Mr. Riley understood "that by pleading guilty he [was] waiving all of [those] trial rights." Id. ¶ 7. Most importantly, by signing the agreement, Mr. Riley admitted his "attorney ha[d] explained those rights to him, and the consequences of the waiver of those rights." Id. The record simply does not support Mr. Riley's argument that his attorney was deficient for failing to advise him about the merits of a guilty plea versus a trial.

Additionally, Mr. Riley's contention that he was not advised of the merits of an "agreed plea versus open plea" does not entitle him to relief. (Doc. No. 20 at 3). To show prejudice in the context of pleas, "a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 566 U.S. 156, 163 (2012). Mr. Riley has not described how the outcome of the plea process would have been different with additional advice from his attorney. (Doc. No. 20 at 3). Indeed, he does not even argue he was prejudiced by his attorney's alleged failure to describe the merits of an agreed plea versus an open plea. (Id.). This ends the Court's analysis, given that "courts are not compelled to conjure up unpleaded facts to support conclusory allegations." Hall v. Beast, 116 F. App'x 557, 559 (6th Cir. 2004).

IV.  **CONCLUSION**

For the foregoing reasons, Mr. Riley's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 9) and his Supplemental Amended Motion (Doc. No. 20) are both **DISMISSED**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

7

Case 3:18-cv-01147   Document 25   Filed 03/21/22   Page 7 of 8 PageID #: 90

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE